# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ERIC DEWAYNE WALLACE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-20457  W. Otis Higgs, Judge**

---

**No. W2008-00867-CCA-R3-PC  - Filed February 6, 2009**

---

The petitioner, Eric Dewayne Wallace, appeals the dismissal of his motion to reopen his petition for post-conviction relief.  The state has filed a motion requesting that this court dismiss the appeal for lack of jurisdiction or, in the alternative, affirm the post-conviction court's summary dismissal of the motion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petitioner did not comply with the statutory requirements for seeking appellate review of the dismissal of his motion, this court has no jurisdiction in the case.  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ., joined.

Eric Dewayne Wallace, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; Corliss Shaw and Frank Borger-Gilligan, Assistant Attorneys General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1996, the petitioner was convicted of first degree murder and attempted first degree murder and sentenced to consecutive sentences of life imprisonment and fifteen years, respectively. The petitioner's convictions and sentences were affirmed on direct appeal. *State v. Eric D. Wallace*, No. 02-C-01-9604-CR-00125, 1997 WL 421011 (Tenn. Crim. App., at Jackson, July 28, 1997), *perm. app. denied* (Tenn. April 6, 1998).  Subsequently, the petitioner filed a pro se petition for post-conviction relief.  Following the appointment of counsel, amendment to the petition, and an evidentiary hearing, the post-conviction court denied relief.  This court affirmed the post-conviction court's judgment on February 19, 2002, and the petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on September 9, 2002.  *Eric Wallace v. State*, No. W2000-02854-CCA-R3CD, 2002 WL 1483204 (Tenn. Crim. App., at Jackson, Feb. 19, 2002), *perm. app. denied* (Tenn. Sept. 9, 2002).

On October 29, 2007, approximately five years after the denial of post-conviction relief, the petitioner filed a pro se motion to reopen his petition for post-conviction relief, alleging that he was

arrested without probable cause in violation of the Fourth Amendment to the United States Constitution; and that his sentences were illegally enhanced in violation of the Sixth Amendment to the United States Constitution as explained in *Blakely v. Washington*, 542 U.S. 296 (2004). On April 3, 2008, the post-conviction court entered an order denying the motion to reopen on the basis that the petitioner's motion was untimely filed and without merit. The record reflects that on April 11, 2008, the petitioner filed a notice of appeal in the Shelby County Criminal Court.

In requesting dismissal, the state argues that this court lacks jurisdiction to entertain the appeal because the petitioner has no appeal as of right from the denial of a motion to reopen post-conviction proceedings and failed to comply with the procedural requirements for seeking a discretionary appeal in this court. We agree with the state.

To properly perfect an appeal from the denial of a motion to reopen a post-conviction proceeding, the petitioner must comply with the statutory requirements of Tennessee Code Annotated section 40-30-117(c). Following the denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, an application with the Court of Criminal Appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. Tenn. Code Ann. § 40-30-117(c); *see also* Tenn. Sup. Ct. R. 28 § 10(b). Accordingly, the statute outlines four requirements for consideration when reviewing an appeal from a motion to reopen: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application. *See Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002).

In the present case, the petitioner has failed to comply with the statutory requirements for seeking appellate review. While the record reflects that the petitioner filed a notice of appeal document in the Shelby County Criminal Court pursuant to Rule 3 of the Appellate Rules of Procedure within ten days, the petitioner failed to file an application for permission to appeal in the proper court and failed to attach the proper documentation as required by statute. The Rules of Appellate Procedure do not provide for an appeal as of right in these cases. *See* Tenn. R. App. P. 3(b); *see also Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997) ("an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right."). Moreover, the petitioner's notice of appeal document does not include the information necessary to be considered a proper application for permission to appeal. *See Graham*, 90 S.W.3d at 689-91. Because the petitioner failed to substantially comply with the procedural requirements outlined in the statute, we lack jurisdiction to entertain the appeal. *See id.*; *see also Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008); *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC, 2000 WL 303432 (Tenn. Crim. App. at Jackson, Mar. 23, 2000), *perm. app. denied* (Tenn. Oct. 16, 2000). Accordingly, the appeal is dismissed.

Notwithstanding dismissal, the petitioner's motion to reopen a petition for post-conviction fails to assert a claim upon which relief may be granted. Pursuant to Tennessee Code Annotated section 40-30-117, a motion to reopen a prior post-conviction petition may only be filed if the petitioner demonstrates that: (1) a final ruling of an appellate court established a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is

required; or (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offenses; or (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid. Tenn. Code Ann. § 40-30-117(a). The petitioner does not allege grounds that would allow him to reopen his previous petition for post-conviction relief. While the petitioner submits that his constitutional rights have been violated, he has not alleged a constitutional right that was not recognized as existing at the time of trial and requiring retrospective application. *See, e.g., Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied* (Tenn. April 7, 2008) (noting that the *Blakely* decision does not create a new rule of law entitled to retroactive application). As such, the petitioner's motion to reopen fails.

For the reasons stated above, the appeal is dismissed.

_____
J.C. McLIN, JUDGE